HENRY L. CALDWELL, Plaintiff in Error, *v.* HENRY J. LAYTON *et al.*, Defendants in Error.

1. *Partition, sale in — Dower, assignment of — Sheriff's return, construction of.*—Suit was brought by the heirs of David L. Caldwell for the partition of certain land, in which dower had been assigned to his widow, Margaret Caldwell. The petition set forth that the petitioners were the owners of certain property, describing its boundaries. The court ordered absolute sale of the premises. They were accordingly advertised and sold; and the sheriff's deed, after reciting the order, advertisement, sale, etc., conveyed to the purchasers "all the right, title, claim, and interest of said petitioners in said petition mentioned, in and to said described tract of land so sold as aforesaid," etc. But the sheriff, in his return of the sale, declared that all the land was sold "except so much of the same as was heretofore assigned to Margaret Caldwell, widow of said David L. Caldwell, as her dower interest in said tract." *Held,* that the return of the sheriff, taken in connection with his deed and the other proceedings in partition, should be construed to mean: "except such interest in the same as was heretofore assigned," etc., "as her dower interest in the tract," and that the portion of land assigned as dower was not thereby expressly reserved to the widow.
2. *Contracts, interpretation of — Determined from obvious intention, as derived from all parts.*—Mere verbal criticism should not be resorted to in interpreting contracts or legal proceedings. Courts should be governed by their obvious intention, as derived from all parts of the instrument or record.
3. *Contracts—Sheriffs' sales — Parol testimony as to declarations of sheriff at time of, how shown.*—Parol testimony as to declarations of the sheriff at the time of a partition sale, in order to explain the meaning of his deed, is improper, because its introduction is an attempt, collaterally, to impeach the record. The sale could have been set aside for cause by a direct proceeding in the same court, and, in such case, parol testimony of anything that occurred at the sale would be admissible.

*Error to Second District Court.*

*Cissel & Noel,* and *Garesche & Mead,* for plaintiff in error.

*Robbins & Watkins,* and *Glover & Shepley,* for defendants in error.

I. The sheriff intended to except the dower interest of Mrs. Caldwell, and nothing more.

II. Oral testimony as to declarations, actions, or omissions of the sheriff was incompetent to affect the case. (Jackson v. Croy, 12 Johns. 429; Jackson v. Vanderheyden, 17 Johns. 168.) The only remedy in such case is to make the court, by a direct and timely application, to set aside the sale and deed of the sheriff. It can not be done collaterally. (Jackson v. Sternberg, 20 Ind. 49; Snyder v. Snyder, 6 Bin. 483; Jackson v. Roberts, 7 Wend. 87; Reed v. Heirs of Austin, 9 Mo. 722.)

BLISS, Judge, delivered the opinion of the court.

This is an action for possession of a parcel of land embraced in No. 442 of Bois Brule Bottom, in Perry county, the plaintiff claiming as heir of David L. Caldwell, deceased. Layton claims only as lessee of the heirs of Alfred Paddock, who are also made parties. In 1837, dower in the real estate of said David L. Caldwell was assigned to his widow Margaret out of this tract, and in 1846 his heirs presented their petition to the proper court for partition of the land and slaves of their ancestors. The petition describes all the land of the estate, including that in No. 442; makes no mention of the dower interest or of its assignment to the widow, but, in describing those interested in the estate, mentions "Margaret Caldwell, his widow, since intermarried with James T. Hamilton." The order of sale, the advertisement, and the sheriff's deed all describe the land in No. 442 as in the original title deed of Caldwell, and no allusion is made to any interest of the widow carved out of it; but in the report of his sale to the court, the sheriff uses this language. After describing the land by boundaries, the report adds: "Except so much of the same as was

15—VOL. XLIV.

heretofore assigned to Margaret Caldwell, widow of said David L. Caldwell, as her dower interest in said tract." Mr. Hamilton, the then husband of Margaret, bid off the land, and afterward conveyed it to Alfred Paddock. The controversy arises out of the meaning of this return, the plaintiff claiming that the reversionary interest of Caldwell's heirs in that portion of 442 assigned as dower was not sold, but expressly reserved; while the defendants claim that this was merely a reservation of the dower interest of the widow, and that everything else was sold. The courts below sustained the latter view, and gave judgment against the plaintiff.

Were we considering this report alone, there would at least be great ambiguity in the language, and we might be compelled to hold that the reversionary interest of Caldwell's heirs was expressly reserved from the sale. But if the order of sale, advertisement, and sheriff's deed are to be considered, all being parts of and a consummation of the transaction, the intention becomes apparent.

The petition for partition sets forth that the petitioners are the owners of five hundred arpents, the north half of No. 442, describing its boundaries. The court orders the absolute sale of the premises, they are advertised accordingly; and the sheriff's deed, after reciting the order, advertisement, sale, etc., conveys to the purchaser " all the right, title, claim, and interest of said petitioners in said petition mentioned, in and to said described tract of land so sold as aforesaid," etc. The return of the sale, with the interpretation claimed—so contrary to all the acts of the parties and the orders of the court—should not receive that interpretation if one can be given it in harmony with the other parts of the transaction. Must the sheriff, then, have meant " except that part of the same, the use of which was heretofore assigned," etc., " as her dower interest in the tract"? Or may he not have meant " except such interest in the same as was heretofore assigned," etc., " as her dower interest in the tract"?

Mere verbal criticism should not be resorted to in interpreting contracts or legal proceedings. We must be governed by their obvious intention, as derived from all parts of the instrument or

the record. That intention is obvious in the present instance, nor is it inconsistent with a grammatical scrutiny of the sentence itself. " So much of the land as was assigned as her dower interest" does not necessarily describe the land out of which was carved that interest. The connecting and modifying particles " as," " as," call for both the assignment and the interest assigned.

Light is thrown upon the intention of the sheriff when he says that the land was offered for sale in pursuance of the order and advertisement, as, indeed, he could offer it in no other way. He was bound to sell, if he sold at all, the whole interest of the heirs in the land.

The parol testimony as to the declarations of the sheriff at sale can not be considered by us, both because of its uncertain and contradictory character, and because it is an attempt collaterally to impeach the record. The sale could have been set aside for cause by a direct proceeding in the same court, and parol testimony of anything that occurred at the sale would have been admissible.

Judgment affirmed. The other judges concur.